## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                        **CASE NO: 5:12-cr-12-Oc-28PRL**

**CLAY CHARLES MOONE**

### ORDER

On July 23, 2020, Defendant filed a document entitled "Attachments to Motion filed 6/23/20." (Doc. 50). Defendant did not file a motion on 6/23/20. On June 8, 2020, Defendant filed a motion for compassionate release (Doc. 45). On July 8, 2020, the Court denied Defendant's motion without prejudice for failing to exhaust his administrative remedies. (Doc. 49). The Court construes Defendant's latest filing (Doc. 50) as a Motion for Reconsideration of the Court's July 8, 2020 order. (Doc. 49). The Government's initial response to the motion argued the Court was without jurisdiction to consider the motion as thirty days had not lapsed from the time Defendant submitted his request to the warden for relief as required by 18 U.S.C. § 3582(c)(1)(A). (Docs. 52). Later, in response to a court order, the Government advised the Court that the warden had responded to Defendant's request. (Doc. 54).

"Although the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit Court of Appeals] have permitted parties to file such motions in criminal cases." *Serrano v. United States*, 411 F. App'x 253, 255 (11th Cir. 2011) (citing *United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010)).

In deciding motions for reconsideration in criminal cases, courts rely on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure. *United States v. Brown*, No. 3:18-cr-89-J-34JRK, 2019 WL 7067091, at * 1 (M.D. Fla. Dec. 23, 2019). The grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). These parameters include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

At the time of his original motion, Defendant had not submitted his request for compassionate release to the warden as required under 18 U.S.C. § 3582(c)(1)(A). On July 16, 2020, Defendant submitted his request to the warden. (Docs. 50, 52). The warden did not respond until 48 days later on September 3, 2020. (Doc. 54). Accordingly, more than thirty days lapsed from the submission of his request to the warden. Thus, Defendant exhausted his administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A).

On July 25, 2013, the Court sentenced Defendant to 120 months followed by 10 years of supervised release for coercion or enticement of a minor (attempted coercion and enticement). (Docs. 41, 42). Defendant is currently 65 years old and housed at FMC Fort Worth. Defendant's expected release date is three and a half months away, January 1, 2021. He seeks early release based on his concerns about the Covid-19 virus. (Docs. 45, 50).

This Court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Examples of qualifying "extraordinary and

2

compelling reasons" include (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. *See* U.S.S.G. §1B1.13 comment. (n.1). Even when an extraordinary and compelling reason exists, however, this court should only reduce a term of imprisonment if it determines that the defendant is not a danger to the public. U.S.S.G. §1B1.13(2). And this court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. §1B1.13.

Defendant cannot demonstrate "extraordinary and compelling reasons" warranting release. The COVID-19 pandemic does not fall into the categories described above. These are categories of serious medical conditions afflicting individual inmates, not generalized threats to the entire population. "The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Gileno*, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *4 (D. Conn. Mar. 19, 2020) (denying compassionate release because BOP's proposed plan adequately addresses the COVID-19 pandemic).[1]

---

[1] *See also, e.g., United States v. Coles*, No. 18-cr-20254, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, No. 17-CR-00533 (CBA), 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, No. 16-CR-167 (LAP), 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, No. 19-cr-541 (JSR), 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomas*, No. 18-cr-579 (JSR), 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn*, No. 15-CR-81S, 11-CR-384S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere *possibility* of contracting a communicable disease such as COVID-19, without any

"It is a rare case in which health conditions present an 'exceptional reason'" to allow for release where detention otherwise would be warranted. *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (considering pretrial detention). Defendant asserts that he has had two heart attacks, has 7 stents, is diabetic, has sleep apnea, high blood pressure, arthritis, and is obese.  He contracted Covid-19 earlier this year and has been asymptomatic since May 3, 2020. (Docs. 45, 48).

Defendant does not identify a medical condition that falls within one of the categories specified in the Sentencing Commission's policy statement's application note. At the time of his sentencing the court was aware of his heart disease, diabetes, high blood pressure, sleep apnea and obesity.  (Doc. 48).  These have not prevented Defendant from providing self-care while imprisoned. And he is asymptomatic from the Covid-19 virus and does not have a terminal illness.

Moreover, Defendant poses a danger to public safety if released. He corresponded with an individual he believed to be the father of a minor child (but who was in fact an undercover detective).  (Doc. 48). He sent numerous explicit messages describing the sexual acts he wanted to perform on the child. (*Id.*). He was arrested as he traveled to a residence where he believed the child was located in an attempt to carry out those acts.  (*Id.*).  At the time of sentencing, the 120 months he received was the minimum permissible legal sentence. (*Id.*).

---

showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver*, No. 4:19-cr-06044-SMJ, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

Defendant's Motion for Reconsideration (Doc. 50) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on September 22, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Clay Charles Moone